*E-Filed: November 7, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIA SANDOVAL and OMAR SANDOVAL,<br><br>         Plaintiffs,<br>   v.<br><br>CITY OF WATSONVILLE, ET AL.,<br><br>         Defendants. | No. C13-01909 HRL<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>**(Dkt. 23)** |

Maria and Omar Sandoval sue the City of Watsonville ("City") and unknown City police officers pursuant to 42 U.S.C. § 1983 for alleged violations of their Fourth Amendment rights in connection with Omar's arrest, as well as various related state law claims. Before the Court is Plaintiffs' motion for leave to file a second amended complaint ("SAC"). Defendants oppose the motion. All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for determination without oral argument. Accordingly, the hearing set for November 12, 2013 is vacated.

BACKGROUND

Plaintiffs' original complaint named as defendants the City of Watsonville and DOES 1-25, unknown police officers for the City. The City moved to dismiss the complaint for failure to state a

federal claim, and the Court granted the motion giving Plaintiffs 14 days to amend.[1]  The order also provided that Plaintiffs shall not add any new claims for relief without first seeking leave of the Court.  Thirteen days later, Plaintiffs filed their first amended complaint ("FAC"), reinforcing their § 1983 claim against the City with additional allegations.  The next day, Plaintiffs filed the instant motion for leave to file the SAC adding defendants Officers Edward Delfin and Roy Morales and asserting new claims against them.  Both parties acknowledge that Plaintiffs first learned the identities of the officers when the City provided them in an email sent just days before the filing of the FAC and the instant motion.  However, the City contends that the reason for the late disclosure was Plaintiffs' own failure to investigate.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that once a responsive pleading has been filed, a party may amend its pleading with the court's leave, and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "[T]his policy is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). However, this liberality should be weighed against factors including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## DISCUSSION

The City argues that the plaintiffs' motion should be denied because their actions have demonstrated bad faith and a dilatory motive.  Plaintiffs' bad faith is evidenced by their failure to attach an exhibit relied upon in their motion, their ignoring the City's request to produce the exhibit, and their representation to the Court that the City has not agreed to a stipulation when, in fact, it was never asked.  Moreover, Plaintiffs have caused undue delay and demonstrated a dilatory motive by failing to reasonably investigate their claims.  The City informed Plaintiffs in June that their email request for the police report did not comply with California Welfare and Institutions Code. Plaintiffs' subsequent emails failed to cure the defect, and it was not until the end of September that

---

[1] Plaintiffs' § 1983 claim, the sole basis for the Court's jurisdiction, was dismissed for failure to state a claim.  Accordingly, the Court declined to exercise jurisdiction over Plaintiff's remaining state law claims, which were dismissed without prejudice.

1 Plaintiffs called to ask for the names of the officers, which the City provided.  Finally, despite having knowledge of the officers' identities, Plaintiffs "inexplicably" filed their FAC without naming the officers, and subsequently filed the instant motion.

The Court does not find that the City's allegations of bad faith and dilatory motive are sufficient to overcome the policy favoring the very liberal application of Rule 15(a)(2).  First, even assuming the allegations of bad faith are true, it does not follow that justice requires preventing Plaintiffs from suing the individual officers who allegedly deprived them of their constitutional rights.  Additionally, while Plaintiffs' request for the police report may not have complied with California law, Plaintiffs also requested the identities of the officers in the same email.  Thus, the City could have avoided the complained of delay by providing the names then.  Furthermore, the filing of the instant motion one day after Plaintiffs' filed their FAC is not inexplicable; the Court's order granting the City's motion to dismiss specifically required the Court's leave before adding new claims.  Finally, any delay that granting the motion may cause will not prejudice the City, and it does not even allege that it would.  It is still very early in the litigation, and Plaintiffs' new claims do not raise any significant new issues of law or fact.[2]  Accordingly, Plaintiffs' motion for leave to file a second amended complaint is GRANTED, and Plaintiff should file it forthwith.

**IT IS SO ORDERED.**

Dated: November 7, 2013

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Four of the five new claims are § 1983 claims based on deprivation of 4th Amendment rights which were basically alleged within the first claim of relief in the original complaint.  The fifth new claim is for negligence against the individual officers based on the same facts previously alleged.

3

**C 13-01909 HRL Order will be electronically mailed to:**

DeWitt Marcellus Lacy     dewitt.lacy@johnburrislaw.com, jillian.vidalsmith@johnburrislaw.com

John L. Burris     john.burris@johnburrislaw.com, arlene.branch@johnburrislaw.com, jlblawoffice@gmail.com, max.johnson@johnburrislaw.com

Reed William Gallogly     rwg@grunskylaw.com

Thomas Neal Griffin     tngriffin@grunskylaw.com, hparinello@grunskylaw.com

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

4